■ In the Matter of JAMES V. HART et al., Appellants, v ELIZABETH HOLTZMAN, as Comptroller of the City of New York, Respondent. [626 NYS2d 145] —Judgment, Supreme Court, New York County (Stephen Crane, J.), entered December 2, 1993, which dismissed the within CPLR article 78 petition seeking to annul a determination of the Comptroller of the City of New York ("the Comptroller"), dated February 11, 1993, holding that rehabilitation and construction work being performed on the site of the former Greenpoint Hospital ("the Greenpoint projects") did not constitute "public works" within the meaning of New York State Labor Law § 220, and that the workers in the projects therefore need not be paid the prevailing rate of wages, unanimously affirmed, without costs.

The IAS Court properly found that the determination of the Comptroller had a rational basis relying upon two Opinion

Letters issued by the Corporation Counsel, that the Greenpoint projects, which were publicly-financed, but privately-owned and constructed, housing for low-income tenants and homeless families and individuals, did not constitute "public works" subject to the prevailing wage rate under Labor Law § 220, and that the Comptroller's determination was neither arbitrary or capricious nor affected by an error of law *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

Although Labor Law § 220 does not define the statutory term "public works", a substantial body of case law has held that the test for application of the prevailing wage requirement of section 220 is the direct or primary objective, purpose or function of the contract's work product *(Matter of National R. R. Passenger Corp. v Hartnett,* 169 AD2d 127, 130).

The fact that the public benefitted incidentally from the projects did not convert the construction into a "public works" contract, where, as here, the primary purpose for the construction was to benefit private developers, who retained both the ownership and the construction risk, since "[s]ignificant partial and even complete governmental funding of an improvement is insufficient to convert a private project into a public works" *(supra,* at 132). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Williams, JJ.